**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| COREY ASHFORD, | : | |
| | : | Civil Action No. 06-2026 (DMC) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| FRANCIS NOWACK, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

    COREY ASHFORD, Plaintiff pro se
    #37772
    Middlesex County Adult Correction Center
    P.O. Box 266
    New Brunswick, New Jersey 08903

**CAVANAUGH**, District Judge

    Plaintiff Corey Ashford ("Ashford"), a state inmate currently confined at the Middlesex County Adult Correction Center in New Brunswick, New Jersey, seeks to bring this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff submits an application to proceed in forma pauperis, and it appears from the affidavit of indigency and plaintiff's prison account statement that he is qualified to proceed as an indigent in this matter. 28 U.S.C. § 1915(a).

    At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be

granted, or because plaintiff seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  For the reasons stated below, the Court finds that the Complaint should be dismissed.

## I.   BACKGROUND

The following factual allegations are taken from Ashford's Complaint, and are accepted as true for purposes of this review.

In his Complaint, Ashford alleges that he has been incarcerated and falsely accused by the North Brunswick Police Department on charges that were eventually dismissed by the Superior Court of New Jersey, Appellate Division.  These charges included the offense of contempt, in violation of N.J.S.A. 2C:29-9(b), and criminal mischief, in violation of N.J.S.A. 2C:17-3a(1).  The contempt charge was based on Ashford's alleged violation of a January 28, 2003 temporary restraining order ("TRO") that prohibited Ashford from any "contact" with his former girlfriend, L.M.  It was charged that, on February 1, 2003, Ashford was allegedly observed by L.M. breaking a window and trying to enter her apartment.  The police were called and responded to the scene.  L.M. did not appear at trial to testify; rather, her hearsay testimonial statement was admitted at trial, via the investigating police officer, pursuant to New Jersey Rules of Evidence pertaining to exceptions to the hearsay rule.

Ashford was convicted and spent six months in county jail before he was released based on the Appellate Division's ruling.

Ashford attaches the Opinion issued by the Appellate Division on December 20, 2004. The state court reversed the conviction and remanded the matter for further proceedings on two grounds. First, the court found that Ashford had not waived assignment of counsel at the criminal proceedings, and thus, was denied his right to counsel.[1] Second, the state court commented on the possible application of a recent United States Supreme Court decision, Crawford v. Washington, 541 U.S. 36 (2004), with respect to the admission of hearsay testimony at Ashford's criminal trial.[2]

It appears that Ashford is presently incarcerated based on February 10, 2006 convictions on charges of contempt, and

---

[1] Ashford was deemed an indigent at his criminal proceedings and was entitled to appointment of counsel. The trial court conducted an inadequate inquiry with respect to defendant's self-representation.

[2] In Crawford, the Supreme Court held that an extra-judicial testimonial statement of an "unavailable" witness may not be admitted into evidence merely because it is subject to a "firmly rooted" exception to the hearsay rule. The Sixth Amendment requires actual cross-examination of the declarant (in Ashford's case, his accuser). "Testimonial statements of witnesses absent from trial have been admitted only when the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine. Crawford, 541 U.S. at 59. "Where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation." Id. at 68-69.

possession and distribution of controlled dangerous substances on school property.  See New Jersey Department of Corrections, Offender Details at https://www6.state.nj.us/DOC_Inmate/details. It would appear that the contempt conviction is related to the above-mentioned contempt charge for violating the January 28, 2003 temporary restraining order on February 1, 2003, since the matter was remanded for further proceedings.

Ashford seeks $5 million in compensatory damages and an unspecified amount in punitive damages as against the named defendants, Francis Nowack, Mayor of North Brunswick, and John and Jane Doe police officers with the North Brunswick Police Department.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton

5

v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III. SECTION 1983 ACTIONS

Ashford states that he is bringing this action under 42 U.S.C. § 1983, seeking redress for alleged violations of his constitutional rights, namely the Fourteenth Amendment. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the

Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

In addition, local government units and supervisors generally are not liable under § 1983 solely on a theory of respondeat superior.  See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 20030.  "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior.  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).  Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

7

To establish municipal liability under § 1983, "a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990). See also Kneipp v. Tedder, 95 F.3d 1199, 1212 (3d Cir. 1996)(a policy is made "when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict")(quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986)(plurality opinion)). A custom is an act "that has not been formally approved by an appropriate decisionmaker," but that is "so widespread as to have the force of law." Bd. Of County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 404 (1997). See also City of Canton, Ohio v. Harris, 489 U.S. 378, 390 (1989)(a policy or custom may also exist where the policy maker has failed to act even though the need to take some action appears obvious and the inadequacy of existing practice is likely to result in the violation of a constitutional right). A plaintiff must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the plaintiff's injury. Monell, 436 U.S. at 689.

Here, it would appear that the named defendant, Francis Nowack, Mayor of North Brunswick, is liable only under a theory of respondeat superior. Ashford asserts no factual allegations

8

attesting to the actual involvement, knowledge, or active participation by this defendant in the alleged wrongful conduct by the police officer defendants. Indeed, Ashford alleges nothing more than a conclusory and bald assertion that Mayor Nowack "is responsible for the actions of his police officers and police department who falsely arrested and harassed Plaintiff Ashford." (Complaint, ¶ 4b). The Complaint does not allege any policy or custom by this defendant that violated plaintiff's constitutional rights; nor does the Complaint allege the absence of a policy or practice, or that the need to take action was obvious and defendant Nowack was deliberately indifferent to the need. Thus, any claim against this defendant rests entirely upon a theory of supervisor liability. Accordingly, the Complaint should be dismissed in its entirety as against Mayor Nowack, for failure to state a claim upon which relief may be granted.

## IV.   ANALYSIS

The Court next turns to address the claim of false arrest and harassment[3] asserted by plaintiff against the John and Jane Doe police officers of the North Brunswick Police Department. It would appear that Ashford is alleging that these officers

---

[3]   The Complaint sets forth no factual allegations with respect to a claim of harassment. Rather, plaintiff merely states that he was falsely arrested by police officers. Thus, the Court construes the harassment claim as part of, or subsumed within the false arrest claim.

9

violated his Fourth and Fourteenth Amendment rights by illegally arresting him on false accusations.

It is well established in the Third Circuit that an arrest without probable cause is a constitutional violation actionable under § 1983.  See Walmsley v. Philadelphia, 872 F.2d 546 (3d Cir. 1989)(citing cases); see also, Albright v. Oliver, 510 U.S. 266, 274 (1994)(a section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures).  To state a claim for false arrest, a plaintiff must allege two elements: (1) that there was an arrest; and (2) that the arrest was made without probable cause.  Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988).  Thus, a defense to an unlawful arrest claim is that the police officer defendants acted with probable cause.  Sharrar v. Felsing, 128 F.3d 810, 817-18 (3d Cir. 1997)(a key element of a § 1983 unlawful arrest claim is that the police officer arrested the plaintiff without probable cause); Groman, 47 F.3d at 636 ("an arrest based on probable cause could not become the source of a [§ 1983] claim for false imprisonment").  To establish the absence of probable cause, a plaintiff must show "that at the time when the defendant put the proceedings in motion the circumstances were such as not to warrant an ordinary prudent individual in believing that an offense had been committed."

Lind v. Schmid, 67 N.J. 255, 262 (1975).[4]  "Probable cause . . . requires more than mere suspicion; however, it does not require that the officer have evidence to prove guilt beyond a reasonable doubt."  Orsatti v. New Jersey State Police, 71 F.3d 480, 482-83 (3d Cir. 1995).  Rather, probable cause exists when the facts and circumstances are "sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense."  Gerstein v. Pugh, 420 U.S. 103, 111 (1975) (*quoting* Beck v. State of Ohio, 379 U.S. 89, 91 (1964)); Sharrar v. Felsing, 128 F.3d 810, 817 (3d Cir. 1997).[5]

   Here, it is clear from the Complaint and plaintiff's attachments to his Complaint that Ashford's arrest by the police officers was based on probable cause.  Namely, a complaint or

---

[4] A § 1983 claim for false arrest typically accrues on the date of the plaintiff's arrest.  See Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998); Rose v. Bartle, 871 F.2d 331, 348-51 (3d Cir. 1989).  In this instance, Ashford's arrest occurred in February 2003; therefore, a § 1983 claim for false arrest accrued at that time, making this action untimely.  But see Gibson v. Superintendent of New Jersey Dep't of Law & Public Safety, 411 F.3d 427 (3d Cir. 2005)(statute of limitations on plaintiff's Fourteenth Amendment racial profiling claim did not begin to run until his sentence had been vacated), cert. denied, 126 S.Ct. 1571 (U.S., Mar. 20, 2006).

[5] A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983.  Gatter v. Zappile, 67 F. Supp. 2d 515, 519 (E.D.Pa. 1999), aff'd, 225 F.3d 648 (3d Cir. 2000).  The Court notes that Middleton was indicted by a grand jury; however, Middleton claims the indictment is defective because it was not signed by the grand jury foreperson or the assignment judge.

accusation was made by the victim, L.M.  The police had responded to her call alleging that Ashford had attempted to enter her home in violation of a TRO issued against him.  Thus, under these facts, probable cause for Ashford's initial arrest is demonstrated and this claim for false arrest must be dismissed for failure to state a claim.

   To the extent that plaintiff is asserting that the factual basis for the arrest warrant is untrue, he must raise this defense in his ongoing state criminal proceedings.  However, it appears that Ashford was retried on the contempt charge and was convicted on February 10, 2006.  Therefore, to the extent that Ashford has been convicted on the charge of contempt, he must first exhaust his state court remedies by direct appeal or other available state court review, and then, if appropriate, file a federal habeas application to assert any violations of federal constitutional or statutory law, namely, his claims of prosecutorial misconduct or denial of due process.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973).

   Accordingly, the Complaint will be dismissed in its entirety, without prejudice, as against the John and Jane Doe police officer defendants for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

V.   CONCLUSION

For all of the reasons set forth above, the Complaint will be dismissed without prejudice as against all defendants for failure to state a claim upon which relief may be granted at this time, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). An appropriate Order follows.

S/ Dennis M. Cavanaugh
DENNIS M. CAVANAUGH
United States District Judge

Dated: 7/20/2006